**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHARON ROTH; WENDY NASH,
Plaintiffs-Appellants,

v.                                                                No. 97-1200

MONTGOMERY COUNTY, MARYLAND,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-96-1113-HAR)

Argued: March 5, 1998

Decided: April 22, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and CLARKE,
Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Suzanne Levin, Rockville, Maryland, for Appellants.
Linda B. Thall, Chief Counsel, Division of Special Projects, Rock-
ville, Maryland, for Appellee. **ON BRIEF:** Charles W. Thompson,
Jr., County Attorney, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Sharon Roth and Wendy Nash filed suit against Montgomery County, Maryland, alleging that their employer, the Montgomery County Detention Center (MCDC), discriminatorily denied them promotions on the basis of their gender and subjected them to retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2 to -17 (West 1994 & Supp. 1997). Roth and Nash appeal the district court's order granting summary judgment in favor of Montgomery County.* Finding no error, we affirm.

Viewed in the light most favorable to Roth and Nash, the facts are as follows. See Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 255 (1986) (holding that the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor). Roth and Nash have both been employed by the MCDC since 1985. In 1989 and 1991, respectively, Nash and Roth were promoted to the position of master correctional officer. In April of 1993, Roth and Nash, along with eleven male correctional officers, applied to take an examination to become eligible for consideration for promotion to the rank of lieutenant. The exam consisted of a written and an oral portion. Nash received the second highest combined, adjusted score, and Roth received the fourth highest combined, adjusted score. Nine of the thirteen officers who took the examination, including Nash and Roth, were placed on a "well-qualified" list for consideration for the promotion.

The next step in the selection process for promotion consisted of interviews with three-person selection panels. Those officers who had been placed on the "well-qualified" list were interviewed by a three-person panel which evaluated the candidates on the basis of a review

_____

*Roth and Nash are not pursuing their retaliation claims in this appeal.

2

of each candidate's personnel file; the quality of each candidate's responses to the same series of questions; a review of each candidate's work experience, education, and training; and a list of 28 factors generated by an employee task force, MCDC, and the union to be considered in promotions, hiring, and transfers.

The first three-person panel to interview the candidates consisted of Lieutenant Colonel Richard L. Tegethoff, Custody and Security Supervisor; Harry R. Vaughn, Assistant Warden; and Captain Barbara L. Ward, Team Leader. The panel interviewed the candidates in August of 1993 and submitted its recommendations for promotion and a suggested order of promotion to the MCDC Administrator/Warden, Jon Galley. Galley further evaluated the candidates, relying in part on his "numerous informal conversations with Detention Center staff members of all ranks and positions" and his discussions of candidates with the interview panels; other supervisors; the Assistant Warden, Harry Vaughn; and Custody and Security Supervisor, Lieutenant Colonel Richard L. Tegethoff. Galley then made a recommendation to Devon Brown, the Director of MCDC, who had the ultimate authority to grant promotions. After this selection process, Brown promoted Harold Payne and Derrick Gilliam to the rank of lieutenant in September of 1993.

In June of 1994, the remaining "well-qualified" candidates were reviewed again by a second selection panel who followed the same selection process as the first panel. The second panel consisted of Lieutenant Colonel Richard Tegethoff; Captain James L. Jones, Team Leader; and Ms. Joanne Zacharias, Food Service Manager. After these interviews, Brown promoted Vic Monaghan and Charles Hartzell to lieutenants.

The remaining "well-qualified" candidates were once again reviewed for promotion in November of 1994 by a third panel composed of the same three persons as the first panel. After conducting the same selection process, Brown promoted Bruce McKoy and Paul Sellers to lieutenant.

After the first round of promotions, Nash filed a complaint against Montgomery County with the Montgomery County Human Relations Commission (MCHRC) on October 31, 1993. She alleged MCDC had

3

discriminated against her on the basis of gender because, although she had the second highest overall score on the initial examination, males with lower overall scores on the test were promoted. In anticipation of further promotions, she placed her complaint on hold and reactivated it after the final round of promotions. Roth filed a complaint alleging discrimination on the basis of gender with the MCHRC on April 12, 1995, stating that the lieutenant positions were awarded exlusively to males. Both Roth and Nash received right-to-sue letters on March 21, 1996. They commenced this action on April 11, 1996, contending that MCDC discriminatorily denied them promotions on the basis of their gender in violation of Title VII. The district court granted summary judgment for Montgomery County on January 2, 1997.

We review a district court's grant of summary judgment de novo. See Higgins v. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under the McDonnell Douglas/Burdine burden shifting scheme in Title VII employment discrimination cases, the plaintiffs must first establish a prima facie case of discrimination under Title VII by showing that (1) they belonged to a protected class; (2) they applied for an advertised promotion; (3) despite their qualifications, they were denied the promotion; and (4) the employer promoted other applicants. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). It is undisputed that Roth and Nash carried their initial burden of demonstrating a prima facie case of gender discrimination. Once a prima facie case of discrimination is established, the burden of production shifts to the defendant to rebut the presumption of discrimination by producing a "legitimate, nondiscriminatory reason" for the employment decision. See Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). It is also undisputed that the MCDC proffered a legitimate, nondiscriminatory reason for its promotion decisions -- that Roth and Nash lacked the interpersonal skills necessary for promotion to the rank of lieutenant.

4

If the defendant meets its burden of producing a legitimate, nondiscriminatory reason for its employment decision, the presumption of discrimination raised by the prima facie case is rebutted and "drops from the case," id. at 255 n.10, and the burden shifts back to the plaintiff to demonstrate that she has been the victim of intentional discrimination, see St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-11 (1993). To do so, Roth and Nash must prove "both that the reason was false and that [gender] discrimination was the real reason." Id. at 515.

The dispute centers around whether Roth and Nash met their burden of demonstrating that MCDC's articulated reason for its promotion decisions was pretextual. The district court determined that Roth and Nash did not raise a genuine issue of material fact as to pretext. Employment discrimination cases may be evaluated under established principles of summary judgment. See Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir. 1993). A defendant in a discrimination case may obtain summary judgment if the plaintiff does not submit sufficient evidence to create a genuine issue of material fact as to the defendant's proffered legitimate, nondiscriminatory reason for its employment decision. Id. at 1316.

Roth and Nash did not submit sufficient evidence to create a factual dispute that MCDC's proffered reason -- that Roth and Nash lacked the requisite interpersonal skills for promotion to the rank of Lieutenant -- was false or that a discriminatory reason actually motivated MCDC's promotion decisions. The district court pointed out that the record contained no evidence that MCDC's evaluations of Roth and Nash were influenced by "sexual stereotyping" or that the environment at MCDC was hostile to women. Furthermore, the district court noted that Roth and Nash's personnel files revealed that they had repeatedly received negative comments regarding their interpersonal skills. While some of the males who were promoted had also been instructed to improve upon their interpersonal skills, the district court determined that "the men promoted to Lieutenant did not exhibit deficiencies in [interpersonal skills] that are similar [to] or worse than those exhibited by the Plaintiffs." (J.A. 24.)

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct.

5

Accordingly, we affirm on the reasoning set forth in the district court's opinion. See Roth v. Montgomery County , C.A. No. 96-CV-1113 (D. Md. January 2, 1997).

AFFIRMED

6